| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>DENISE CARLON, ESQUIRE<br>KML LAW GROUP, P.C.<br>Sentry Office Plaza<br>216 Haddon Ave., Suite 406<br>Westmont, NJ 08018<br>(215) 627-1322<br>dcarlon@kmllawgroup.com<br>Attorneys for Secured Creditor<br>Medallion Bank | Order Filed on March 18, 2020<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br><br>Jane Erika Adovas & Paul Ryan Adovas,<br><br>Debtors. | Case No.: 19-29210 JNP<br>Adv. No.:<br>Hearing Date: 4/15/20<br>Judge: Jerrold N. Poslusny Jr. |

**ORDER RESOLVING MEDALLION BANK'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN**

The relief set forth on the following pages, numbered two (2) through three (3) is hereby **ORDERED**

**DATED: March 18, 2020**

Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

Page 2
Debtors:       Jane Erika Adovas & Paul Ryan Adovas
Case No.:      19-29210 JNP
Caption:       **ORDER RESOLVING MEDALLION BANK'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN**

This matter having been brought before the Court by KML Law Group, P.C., attorneys for Secured Creditor, Medallion Bank, the holder of a lien on Debtor's subject collateral, a swimming pool located at 387 Tarpy Drive, Woodbury, NJ 08096, Denise Carlon appearing, by way of objection to the confirmation of Debtor's Chapter 13 Plan, and this Court having considered the representations of attorneys for the Secured Creditor and Francis Landgrebe, Esq., attorney for Debtors, and for good cause having been shown;

It is **ORDERED, ADJUDGED and DECREED** that Secured Creditor's lien shall be paid in full through Debtor's Chapter 13 plan at an interest rate of 6.5%; and

It is **FURTHER, ORDERED, ADJUDGED** and **DECREED** that the total due to Secured Creditor, including interest, shall be $23,479.38, consisting of the total due at filing of $20,000.00 plus $3,479.38 in interest that will accrue during the course of Debtor's Chapter 13 plan over 60 months;

It is **FURTHER, ORDERED, ADJUDGED** and **DECREED** that if the length of Debtor's plan, the interest due under the plan will be adjusted accordingly, and this order is subject to amendment; and

It is **FURTHER, ORDERED, ADJUDGED** and **DECREED** that the balance of Secured Creditor's claim shall be treated as an unsecured claim under the terms of the plan; and

It is **FURTHER, ORDERED, ADJUDGED** and **DECREED** that Secured Creditor's lien shall remain on the subject collateral until Debtor has completed all plan payments and receives a discharge in this case; and

It is **FURTHER, ORDERED, ADJUDGED** and **DECREED** Secured Creditor's lien will only be released upon the Debtor's receipt of his discharge and completion of his Chapter 13 Plan.  Any dismissal of the case or conversion to a Chapter 7 will result in a full reinstatement of the lien; and

It is **FURTHER, ORDERED, ADJUDGED** and **DECREED** that the lien shall be released and extinguished upon the successful completion of the Debtor's Chapter 13 plan; and

It is **FURTHER, ORDERED, ADJUDGED** and **DECREED** that Secured Creditor shall file a release of the lien within 30 days of the date of the service of Debtor's discharge; and

Page 3
Debtors:     Jane Erika Adovas & Paul Ryan Adovas
Case No.:    19-29210 JNP
Caption:     **ORDER RESOLVING MEDALLION BANK'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN**

It is **FURTHER, ORDERED, ADJUDGED** and **DECREED** that in the event Secured Creditor fails to release the lien within the prescribed period, the Debtor and/or Debtor's counsel may file a certified or exemplified copy of this order, along with a copy of the bankruptcy discharge order, which shall have the same force and effect of a discharge of lien; and

It is **FURTHER, ORDERED, ADJUDGED** and **DECREED** that Secured Creditor's objection to confirmation is hereby resolved.